IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ASENDIA USA, INC., :
    Plaintiff : No. 1:12-cv-2169
:
v. :
:
ADVANCEPOST, INC., : (Chief Judge Kane)
    Defendant :

### MEMORANDUM ORDER

Pending before the Court is Plaintiff's proposed order for entry of final judgment. (Doc. No. 13.) Plaintiff previously filed a praecipe for entry of default judgment pursuant to F.R.C.P. 55(a) and F.R.C.P. 55(b)(1). (Doc. No. 7.) The Clerk of Court granted the requested relief in part, having entered default in favor of Plaintiff on January 11, 2013. (Doc. No. 8.) However, because the request for default judgment included a request for attorney's fees, the Court will construe Plaintiff's proposed order for entry of judgment as a motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). Because Defendant has yet to appear in this action, no brief in opposition has been filed. For the reasons that follow, the Court will grant the motion but defer entering judgment pending a determination as to the amount of attorney's fees to be awarded.

### I. PROCEDURAL BACKGROUND

On October 31, 2012, Plaintiff's predecessor, Priority Post Co., filed a complaint in the above-captioned action alleging that Defendant AdvancePost breached its contract by failing to pay Priority Post for mailing services totaling $447,532.30. (Doc. No. 1.) Although Defendant was properly served with the summons and complaint, Defendant has not appeared, answered, moved, or otherwise responded to the pleading. After Defendant failed to respond to the

1

pleading, Priority Post requested, and the Clerk of Court entered, default against Defendant pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (Doc. Nos. 7, 8.) Thereafter, the Court granted Priority Post's motion to substitute Asendia USA, Inc., as the Plaintiff in this action because Asendia is the surviving corporation following a merger between itself, Priority Post, and a third entity. (Doc. Nos. 10, 11, 12.)

In Priority Post's request for entry of default, Priority Post also requested that the Clerk of Court enter default judgment against Defendant AdvancePost pursuant to Rule 55(b)(1). (Doc. No. 7.) The Clerk, however, may not enter default judgment under Rule 55(b)(1) because Plaintiff seeks not only a "sum certain," but also, attorney's fees. (Doc. No. 12-2.) See Fed. R. Civ. P. 55(b)(1) (stating that the clerk may enter default judgment only where "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation"); Moore § 55.20[4] ("A claim for attorney's fees will rarely be for a 'sum certain' because, typically, a judicial determination is necessary to decide whether to award fees, and, if an award will be made, in what amount."). Thus, the Court will construe Plaintiff's motion as an application for default judgment to be entered by the Court under Rule 55(b)(2).

## II. LEGAL STANDARD

Rule 55(b) of the Federal Rules of Civil Procedure provides for entry of default judgment against a defendant who has not appeared and who is neither a minor nor an incompetent person. Fed. R. Civ. P. 55(b). Entry of default does not entitle a claimant to default judgment as a matter of right. 10 James Wm. Moore, et al., Moore's Federal Practice § 55.31 (Matthew Bender ed. 2010). Even when a party has defaulted and all of the procedural requirements for a default judgment are satisfied, the decision to enter default judgment under Rule 55(b)(2) rests in the discretion of the district court. Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987).

In undertaking this evaluation, the Court must consider: (1) whether the plaintiff will be prejudiced if the default is denied; (2) whether the defendant has a meritorious defense; and (3) whether the defaulting defendant's conduct is excusable or culpable. See, e.g., Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000) (citing United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984)). But when a defendant has failed to appear or respond in any fashion to the complaint, this analysis is necessarily one-sided; entry of default judgment is typically appropriate in such circumstances at least until the defendant comes forward with a motion to set aside the default judgment under Rule 55(c). As the United States Court of Appeals for the Third Circuit has explained:

> In most instances where a party's right to prosecute or defend would be terminated as a sanction, the moving party has the burden of creating a record showing the appropriateness of this ultimate sanction and the district court has the responsibility of making a determination on that issue in light of considerations like those articulated in Poulis. When a defendant fails to appear and perhaps under other circumstances covered by Rule 55, the district court or its clerk is authorized to enter a default judgment based solely on the fact that the default has occurred. Even in those situations, however, consideration of Poulis type factors is required if a motion to lift the default is filed under Rule 55(c) or Rule 60(b) and a record is supplied that will permit such consideration.

Anchorage Assocs. v. V.I. Bd. of Tax Review, 922 F.2d 168, 177 n.9 (3d Cir. 1990).

### III. DISCUSSION

In the instant matter, it is clear that the factors articulated in Chamberlain weigh in favor of granting default judgment. See Chamberlain, 210 F.3d at 164 . First, there is a risk of prejudice to Plaintiff if default is denied, as Defendant owes Plaintiff hundreds of thousands of dollars. Second, Defendant has not asserted any defense, either by answering the allegations of the complaint or by opposing the present motion for default judgment. Finally, the Court can

3

find no excuse or reason for Defendant's default other than its own conduct. Plaintiff has shown that Defendant was served with all of the required documents. Despite this fact, Defendant has neither engaged in the litigation process nor offered any reason for its failure to appear. Therefore, the Court finds that Defendant is culpable for its failure to appear and that there is no basis to excuse this conduct. Accordingly, default judgment is warranted.

Because default judgment will be entered, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990). The allegations in the complaint, taken as true, are sufficient to show that Plaintiff is entitled to the relief requested. Further, Plaintiff has supported the requested amount of damages, save for the amount of attorney's fees, with exhibits and an affidavit. (Doc. No. 1-2; Doc. No. 7-1.) However, prior to entering judgment, the Court will require Plaintiff to submit evidence supporting its request for attorney's fees.

In assessing a request for attorney's fees, "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Performing this calculation will provide the "lodestar" figure, which is presumed to be the reasonable fees for the matter. Rode v. Dellaciprete, 892 F.2d 1177, 1183 (3d Cir. 1990). The party seeking attorney's fees has the burden to prove that the requested attorney's fees are reasonable, which initially requires the fee petitioner to "submit evidence supporting the hours worked and the rates claimed." Id. at 1183; E.E.O.C. v. Fed. Express Corp., 537 F. Supp. 2d. 700, 721 (M.D. Pa. 2005) (citing Hensley, 461 U.S. at 433). An hourly rate is reasonable if the fee applicant demonstrates by evidence, in addition to the fee applicant's own affidavit, that the suggested rate is comparable to the current "rates prevailing in the community for similar

4

services by lawyers of reasonably comparable skill, experience, and reputation." Maldonado v. Houstoun, 256 F.3d 181, 184 (3d Cir. 2001).

Although Plaintiff has not yet supported its claim for attorney's fees, the Court does not find that a hearing is necessary under Rule 55(b)(2)(B) to determine the amount of damages due, as the requested amount will likely be computable from proper documentary evidence. See Moore § 55.32[2][c] ("[T]he 'hearing' may be one in which the court asks the parties to submit affidavits and other materials from which the court can decide the issue"). As such, Plaintiff will be required to submit evidence in support of its request for attorney's fees.

## IV. CONCLUSION

The Court finds that entry of default judgment is warranted, but will defer entry of judgment pending Plaintiff's submission of evidence supporting its request for attorney's fees.

**ACCORDINGLY**, on this 8th day of February 2013, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's proposed order of final judgment (Doc. No. 7) is **CONSTRUED** as a motion for default judgment pursuant to Rule 55(b)(2), and the motion is **GRANTED**;

2. Within fourteen days of the date of this order, Plaintiff **SHALL SUBMIT** evidence in support of its request for attorney's fees; and

3. The Clerk of Court is directed to defer entering judgment on Plaintiff's claims pending the Court's computation of the appropriate amount of attorney's fees.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania